IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE ALEJANDRO LOREDO | § | |
| Plaintiff, | § | |
| | § | |
| vs | § | |
| | § | |
| CITY OF BROWNSVILLE POLICE | § | |
| DEPARTMENT | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff, Jose Alejandro Loredo ("Plaintiff" or "Loredo"), by and through his attorney of record, and files this Original Complaint against Defendant, City of Brownsville ("Defendant" or "City of Brownsville"), and respectfully shows the Court as follows:

I.     PARTIES AND SERVICE

1. Plaintiff Jose Alejandro Loredo is an individual residing in Brownsville, Cameron County, Texas. At all relevant times, Plaintiff was an employee of Defendant within the meaning of the Americans with Disabilities Act (ADA), the Texas Labor Code, and the Family and Medical Leave Act (FMLA).

2. Defendant City of Brownsville is a municipality located in Cameron County, Texas. The City of Brownsville employs more than 15 employees and is an employer as defined under the ADA, the Texas Labor Code, and the FMLA. Defendant may be served with process through the City Mayor or City Secretary or its designated agent.

II.     JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law, including claims arising under the Americans with

Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq. This Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a), as these claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of Texas, Brownsville Division. Plaintiff was employed by Defendant in Brownsville, Texas, where the alleged discriminatory and retaliatory acts took place, and Defendant's principal place of business is located within this judicial district.

III.   NATURE OF THE ACTION

5. This is an action for relief under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., and relevant provisions of the Texas Labor Code, Chapter 21. Plaintiff, Jose Alejandro Loredo, brings this action against his former employer, the City of Brownsville, alleging disability discrimination, failure to accommodate, retaliation, and constructive discharge. Plaintiff contends that, following a COVID-19-related illness and subsequent health complications, Defendant failed to provide reasonable accommodations, denied Plaintiff the benefits and flexibility granted to other similarly situated employees, and created intolerable working conditions that ultimately forced Plaintiff to resign. Plaintiff seeks compensatory damages, back pay, front pay, punitive damages, and other relief to redress Defendant's unlawful employment practices.

IV.   CONDITIONS PRECEDENT

2

6.   All conditions precedent to filing this lawsuit have been met. Plaintiff, Jose Alejandro Loredo, timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division (TWC) on October 28, 2022, asserting claims of disability discrimination, failure to accommodate, retaliation, and constructive discharge.

7.   The TWC issued a Right to Sue notice on August 7, 2024. Subsequently, on August 12, 2024, the U.S. Department of Justice (DOJ) issued a Notice of Right to Sue, authorizing Plaintiff to initiate this civil action under the Americans with Disabilities Act (ADA). This lawsuit is filed within 90 days of Plaintiff's receipt of both Right to Sue notices, in compliance with the statutory filing deadlines.

V.    FACTS

8.   Plaintiff, Jose Alejandro Loredo, began his employment with Defendant, the City of Brownsville, on or about March 30, 2009, as a Police Officer.

9.   In 2019, Plaintiff was assigned to the position of Public Information Officer within a specialized unit of the Brownsville Police Department. This assignment included hazard pay due to the nature of his role in the investigations unit.

10.  On December 28, 2020, while performing his duties as a Police Officer, Plaintiff contracted COVID-19. His infection led to serious health complications, including joint pain and other symptoms associated with post-COVID syndrome.

11.  In January 2021, Plaintiff was hospitalized due to complications from COVID-19. Following his discharge, Plaintiff returned to work as soon as his quarantine period was completed, despite experiencing ongoing health issues.

12. On or about April 6, 2021, Plaintiff notified his immediate supervisor, Lt. Robert Martinez, about his continuing health issues related to post-COVID complications and requested assistance in adjusting his duties to accommodate his condition.

13. On April 8, 2021, Plaintiff was removed from his position as Public Information Officer and reassigned to a patrol position. This reassignment resulted in a loss of hazard pay and assignment pay of $80 bi-weekly. Plaintiff's request for time off to manage his health was denied, and he was instead directed to seek coverage under Workers' Compensation.

14. Plaintiff received partial Workers' Compensation benefits, covering one and a half paychecks during his COVID-related quarantine. However, further medical coverage was discontinued when his ongoing health issues were classified as pre-existing conditions allegedly related to his age (40). As a result, Plaintiff was forced to use 28 days of personal leave for necessary medical appointments.

15. On January 5, 2022, Plaintiff was hospitalized again due to pancreatitis and subsequently underwent gallbladder surgery on January 10, 2022. Plaintiff took leave under the Family and Medical Leave Act (FMLA) during this period to recover.

16. Plaintiff returned to work in April 2022 after his FMLA leave but was assigned to a challenging patrol shift from 5:00 PM to 1:00 AM without the option to select his days off. Other officers in similar positions were permitted flexibility in their schedules, but Plaintiff's request for a similar adjustment was denied.

17. On or about July 27, 2022, Plaintiff contacted Lt. Napoleon Gonzalez to request a regular shift due to his health condition. Plaintiff's request was denied, and he was informed that he would remain on the same shift with the same days off (Monday and

4

Tuesday). Around this time, Plaintiff received an email from the department that labeled him and other officers as "continuing random sick leave users."

18. On August 15, 2022, Plaintiff filed a formal grievance with the Brownsville Police Officers Association (BPOA) Grievance Committee, through his representative, John Joe Trevino, regarding his discriminatory treatment and being unfairly labeled a "random sick leave user." The grievance was submitted to Ms. Nancy Lugo.

19. On August 16, 2022, Plaintiff was informed by phone that the BPOA Grievance Committee had decided not to proceed with his grievance. Plaintiff subsequently informed Ms. Lugo of this outcome.

20. On September 23, 2022, due to continued discriminatory treatment, lack of accommodations, and his shift assignment, which Plaintiff viewed as punitive, he submitted a two-week notice of resignation, citing an intolerable and hostile work environment.

21. Plaintiff's resignation became effective on October 7, 2022, and he was officially separated from employment with the City of Brownsville. Plaintiff considered his resignation a constructive discharge due to the Defendant's failure to provide reasonable accommodations and ongoing retaliatory treatment.

22. On October 28, 2022, Plaintiff filed a Charge of Discrimination with the EEOC and TWC, alleging disability discrimination, failure to accommodate, retaliation, and constructive discharge based on his treatment by the City of Brownsville.

23. On November 3, 2022, Plaintiff received an invitation to participate in mediation. Plaintiff agreed to mediation and submitted the necessary documents.

24. On November 7, 2022, Defendant declined to participate in mediation, and the case was transferred to a case developer for further investigation.

25. On August 7, 2024, Plaintiff received a Right to Sue notice from the Texas Workforce Commission.

26. On August 12, 2024, Plaintiff received a Right to Sue notice from the U.S. Department of Justice, authorizing him to file a civil lawsuit under the Americans with Disabilities Act (ADA).

27. On November 30, 2023, Plaintiff's attorney contacted him to discuss filing a lawsuit. Plaintiff agreed to proceed, consented to a retainer agreement, and scheduled a final meeting with his attorney.

28. Plaintiff has exhausted all administrative remedies and fulfilled all conditions precedent to filing this lawsuit, including filing timely charges of discrimination and receiving Right to Sue notices from both the TWC and EEOC.

VI.    DISABILITY DISCRIMINATION

(Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; Texas Labor Code, Chapter 21)

29. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

30. Under the ADA and Texas Labor Code, an employer is prohibited from discriminating against an employee on the basis of disability, including failing to provide reasonable accommodations for known limitations, treating the employee differently than similarly situated employees, or otherwise subjecting the employee to adverse employment actions due to their disability.

31. At all relevant times, Plaintiff was a qualified individual with a disability as defined by the ADA and Texas Labor Code. Plaintiff's post-COVID complications, including joint

pain and other long-term health effects, substantially limited one or more major life activities, including but not limited to walking, standing, and working.

32. Plaintiff was able to perform the essential functions of his position with or without reasonable accommodation, making him qualified under the ADA and Texas Labor Code.

33. Defendant was aware of Plaintiff's disability and medical limitations. Plaintiff informed his supervisors, including Lt. Robert Martinez and Commander William Dietrich, about his ongoing post-COVID symptoms and health needs, requesting assistance and reasonable accommodations to adjust his duties and shift assignments.

34. Despite being aware of Plaintiff's disability, Defendant:

35. Reassigned Plaintiff from his Public Information Officer position to a patrol role, resulting in the loss of assignment pay and hazard pay associated with his specialized unit.

36. Denied Plaintiff's repeated requests for reasonable accommodations, including adjustments to his shift schedule and duties, that would have enabled him to manage his disability effectively.

37. Assigned Plaintiff to a difficult patrol shift (5:00 PM to 1:00 AM) without the flexibility to choose days off, unlike other officers, despite Plaintiff's requests for such adjustments.

38. Subjected Plaintiff to adverse and discriminatory treatment by labeling him and other similarly situated officers as "continuing random sick leave users," thereby stigmatizing Plaintiff due to his health-related absences.

39. Defendant's actions constitute disability discrimination, as they altered the terms, conditions, and privileges of Plaintiff's employment on the basis of his disability, ultimately creating a hostile work environment that led to Plaintiff's constructive discharge.

40. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, and other economic and non-economic damages.

41. Plaintiff seeks all relief available under the ADA and Texas Labor Code, including compensatory damages, back pay, front pay, reinstatement (if applicable), injunctive relief, attorneys' fees, costs, and any other relief deemed appropriate by the Court.

VII.    FAILURE TO ACCOMODATE

(Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.)

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. The ADA and Texas Labor Code require an employer to provide reasonable accommodations to qualified individuals with disabilities, so long as these accommodations do not impose an undue hardship on the operation of the employer's business.

44. Plaintiff is a qualified individual with a disability as defined by the ADA and Texas Labor Code. Plaintiff's post-COVID health complications, which include joint pain and other chronic effects, substantially limited one or more major life activities, such as walking, standing, and working, thus qualifying as a disability.

45. Plaintiff informed Defendant, through his supervisors and other officials, of his ongoing health limitations related to his disability and made multiple requests for

8

reasonable accommodations to perform his essential job functions effectively. Specifically, Plaintiff requested:

46. Modifications to his duties or temporary reassignment within his specialized unit, where he previously worked as a Public Information Officer.

47. Adjustments to his shift schedule and assignments that would allow him the flexibility needed to manage his health condition effectively.

48. Defendant failed to engage in the interactive process required under the ADA and Texas Labor Code. Instead of discussing potential accommodations with Plaintiff, Defendant reassigned Plaintiff from his position in the Public Information Office to a full-time patrol role, resulting in the loss of his assignment pay and hazard pay. Plaintiff was also assigned to a restrictive patrol shift without the ability to select days off, unlike other similarly situated officers.

49. Defendant's refusal to provide reasonable accommodations and failure to engage in a meaningful interactive process effectively denied Plaintiff the opportunity to perform the essential functions of his position while managing his disability.

50. As a result of Defendant's failure to accommodate Plaintiff's disability, Plaintiff was subjected to adverse employment conditions that ultimately led to his constructive discharge. Defendant's failure to accommodate Plaintiff's disability and its imposition of discriminatory employment conditions constitute a violation of the ADA and Texas Labor Code.

51. As a direct and proximate result of Defendant's failure to accommodate, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

52. Plaintiff seeks all available remedies under the ADA and Texas Labor Code, including compensatory damages, back pay, front pay, reinstatement (if applicable), injunctive relief, attorneys' fees, costs, and any other relief deemed appropriate by the Court.

VIII.   FAMILY MEDICAL LEAVE ACT RETALIATION

(Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.)

53. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

54. The FMLA entitles eligible employees to take up to twelve (12) weeks of unpaid, job-protected leave per year for specified family and medical reasons, including the employee's own serious health condition that makes the employee unable to perform the essential functions of their job.

55. Plaintiff was an eligible employee under the FMLA at all relevant times, as he had been employed by Defendant for at least twelve (12) months and had worked a minimum of 1,250 hours in the twelve (12) months preceding his FMLA leave.

56. Plaintiff took FMLA leave in January 2022 due to his serious health condition, specifically for hospitalization and gallbladder surgery. Plaintiff's use of FMLA leave was authorized under the FMLA and related to his ongoing health complications.

57. Under the FMLA, Defendant was prohibited from retaliating against Plaintiff for exercising his right to take FMLA leave. Retaliatory acts include, but are not limited to, adverse actions that would dissuade a reasonable employee from taking FMLA leave, and treating the employee less favorably than similarly situated employees who did not take FMLA leave.

58. Despite Plaintiff's lawful use of FMLA leave, Defendant subjected Plaintiff to retaliatory actions, including but not limited to:

59. Reassigning Plaintiff from his specialized Public Information Officer role to a patrol position, which led to a loss of assignment pay and hazard pay.

60. Assigning Plaintiff to a restrictive patrol shift without allowing flexibility in days off, unlike other officers in similar roles.

61. Labeling Plaintiff as a "continuing random sick leave user" in internal communications, effectively stigmatizing him for using medical leave.

62. Denying Plaintiff reasonable accommodations related to his health needs upon his return from FMLA leave.

63. Defendant's actions were intended to penalize Plaintiff for exercising his rights under the FMLA and to create adverse working conditions that ultimately led to Plaintiff's constructive discharge.

64. As a direct and proximate result of Defendant's retaliatory actions, Plaintiff has suffered damages, including lost wages, lost benefits, emotional distress, and other compensatory damages.

65. Plaintiff seeks all relief available under the FMLA, including compensatory damages, back pay, front pay, reinstatement (if applicable), injunctive relief, attorneys' fees, costs, and any other relief deemed appropriate by the Court.

IX.   DAMAGES

66. As a direct and proximate result of Defendant's actions, Plaintiff has suffered substantial damages. Plaintiff seeks all available remedies under the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), and the Texas Labor Code. These damages include, but are not limited to, the following:

67. Plaintiff has suffered economic losses due to Defendant's unlawful conduct, including: Back Pay: Plaintiff seeks compensation for lost wages and benefits from the date of Defendant's adverse actions, including reassignment, removal of hazard pay, denial of reasonable accommodations, and constructive discharge, until the date of judgment. Front Pay: Given that reinstatement may not be feasible or desirable due to Defendant's actions, Plaintiff seeks front pay to cover future lost wages and benefits that he would have received had he been able to remain employed with Defendant. Loss of Benefits: Plaintiff seeks compensation for lost employment benefits, including health insurance, retirement contributions, and other benefits he would have accrued had Defendant not engaged in discriminatory and retaliatory conduct.

68. Plaintiff seeks compensatory damages for the mental anguish, emotional distress, pain, and suffering caused by Defendant's discriminatory and retaliatory treatment. Plaintiff endured a hostile work environment, ongoing stress, and reputational harm due to Defendant's actions, including being labeled a "random sick leave user" and subjected to adverse working conditions.

69. Plaintiff seeks punitive damages under the ADA and Texas Labor Code to punish Defendant for its intentional and malicious conduct, as Defendant's actions demonstrate a reckless indifference to Plaintiff's federally and state-protected rights. Plaintiff contends that Defendant's willful failure to accommodate his disability, retaliatory treatment, and constructive discharge justify an award of punitive damages to deter similar conduct in the future.

70. Under the FMLA, Plaintiff seeks liquidated damages equal to the sum of back pay and other economic damages. These damages are warranted because Defendant's actions

in retaliating against Plaintiff for exercising his FMLA rights were willful, and Defendant cannot show good faith or reasonable grounds for believing its conduct complied with the FMLA.

71. Plaintiff requests injunctive and equitable relief as necessary to prevent Defendant from engaging in similar unlawful conduct in the future. Specifically, Plaintiff seeks an order requiring Defendant to: Implement policies and procedures that provide reasonable accommodations to employees with disabilities. Establish and enforce anti-retaliation training for management and HR personnel. Adopt measures to ensure compliance with the ADA, FMLA, and Texas Labor Code protections against discrimination, failure to accommodate, and retaliation.

72. Plaintiff is entitled to recover reasonable attorneys' fees and costs pursuant to the ADA, FMLA, and Texas Labor Code. Plaintiff seeks an award covering the legal costs and expenses incurred in pursuing this action, including court fees, expert witness fees, and all other litigation-related expenses.

73. Plaintiff prays for any other relief that the Court deems appropriate and just under the circumstances.

X.    JURY DEMAND

74. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, Jose Alejandro Loredo, respectfully demands a trial by jury on all issues so triable.

PRAYER

WHEREFORE, premises considered, Plaintiff, Jose Alejandro Loredo, respectfully prays that Defendant, City of Brownsville, be cited to appear and answer herein, and that upon final trial, Plaintiff be awarded all relief to which he is justly entitled, including compensatory and economic damages, punitive and/or liquidated damages, injunctive and equitable relief to prevent further unlawful conduct, pre-judgment and post-judgment interest, reasonable attorneys' fees, expert witness fees, costs of court, and any other relief, at law or in equity, deemed appropriate by the Court.

Respectfully Submitted,

THE VARGAS LAW OFFICE
324 W. University Dr.
Edinburg, Texas 78539
Tel. (956) 287-3743
EFILE: efile@thevargaslawoffice.com

By: _____
Daniel E. Vargas
bigdan@thevargaslawoffice.com
Texas Bar No. 24072403
SDT No. 1286250